**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **STERLING RENEVA RIVERS** | : | **DOCKET NO. 2:20-cv1364** |
| **REG. #19231-078** | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **MICHAEL CARVAJAL, ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a complaint [doc. 1] filed pursuant to *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), by Sterling Reneva Rivers, who is proceeding *pro se* and *in forma pauperis* in this matter. Rivers is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institute in Oakdale, Louisiana ("FCIO"). This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

**I.**
**BACKGROUND**

In his complaint plaintiff alleges that FCIO's inadequate response to the Covid-19 pandemic amounts to cruel and unusual punishment in violation of his Constitutional rights.  All claims against defendants Carvajal, Meyers, and the unnamed white male officer, related to the pandemic response, will be addressed in a separate ruling.  Plaintiff also makes a claim unrelated to the pandemic response regarding a specific incident involving defendants Stoute, Droddy and Deville which occurred on April 8, 2020.  That incident is the subject of the instant Report and Recommendation.

## II.
### LAW & ANALYSIS

#### A. *Frivolity Review*

Rivers has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

#### B. *Section 1983/Bivens*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Accordingly, in order to state a claim under this statute, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 108 S.Ct. 2250, 2254–55 (1988). A *Bivens* action is the counterpart for those acting under color of federal law of a suit brought under § 1983. *E.g.*, *Abate v. Southern Pacific Transp. Co.*, 993 F.2d 107, 110 n. 14 (5th Cir. 1993); *see also Dean*

*v. Gladney*, 621 F.2d 1331, 1336 (5th Cir. 1980) ("The effect of Bivens was, in essence, to create a remedy for federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials.")

### C. *Application*

Plaintiff complains of an incident that occurred on April 8, 2020, involving defendants D. Stoute, Officer Droddy and SIS Deville.  He alleges that they entered his dorm and, in order to subdue another inmate, sprayed pepper spray causing plaintiff's eyes to burn and for him to choke. Doc. 1, p. 3.  He does not allege that he sought medical care or suffered any injury.

"[T]he settled rule [is] that 'the unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment.'" *Hudson v. McMillian*, 112 S. Ct. 995, 998 (1992) (quoting *Whitley v. Albers*, 106 S. Ct. 1078, 1085 (1986)). In the context of an allegation of the use of excessive force by a prison official, "the core judicial inquiry is... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson* 112 S.Ct. at 999. When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. See *Whitley*, 106 S.Ct. at 1084. That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. *Hudson*, 112 S.Ct. 1000 (citations omitted). The Eighth Amendment's prohibition of "cruel and unusual" punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort "'repugnant to the conscience of mankind.'" *Id*. (citations omitted).

The "force" (ie., spraying of pepper spray) applied was not directed at Plaintiff. The use of pepper spray was clearly to maintain or restore discipline of another inmate.  Any effects suffered by Plaintiff were de minimis, not repugnant.

## III.
### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that all claims against defendants Stoute, Droddy and Deville be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous. Claims against the remaining defendants are addressed in a separate Order.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** ***See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 3rd day of December, 2020.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE