UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **STERLING RENEVA RIVERS** | : | **DOCKET NO. 2:20-cv-1364**<br>**SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **MICHAEL CARVAJAL, ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Dismiss (doc. 32) filed under Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure by Defendants Michael Carvajal and Officer Tyler Welch. This motion comes in response to a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by Sterling Reneva Rivers ("Plaintiff"). The plaintiff did not file an opposition to the motion. The defendants' motion is now ripe for review. For the reasons below, we recommend that the Motion to Dismiss be **GRANTED**.

**I.**
**BACKGROUND**

Plaintiff sued Federal Defendants, Michael Carvajal, Director of the Federal Bureau of Prisons (hereinafter "Director Carvajal") and FCI Oakdale (FCIO) Officer Tyler Welch (hereinafter "Officer Welch"), in their individual capacities under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that defendants violated his Fifth[1] and Eighth Amendment rights. Doc. 1, p. 3, ¶ IV. Plaintiff alleges that he experienced

---

[1] Although Plaintiff's complaint initially indicates that his Fifth and Eighth Amendment rights were violated, Plaintiff does not present any argument in support of a Fifth Amendment violation.

-1-

"cruel and unusual punishment." *Id*. at p. 14, ¶ 30. Specifically, plaintiff alleges that between March 16, 2020 and March 22, 2020, he "actually contracted the [COVID-19] virus and/or exhibited symptoms thereof." *Id*. ¶ 29. Further, plaintiff alleges that he suffered "extreme mental anguish, emotional distress, and/or pain and suffering [.]" *Id*. at p. 3, ¶ IV . Plaintiff seeks $5,000,000 in compensatory damages and $1,000,000 in punitive damages against Director Carvajal and $50,000 in compensatory damages and $25,000 in punitive damages against Officer Welch. *Id*. at p. 4, ¶ V. Plaintiff also seeks to enjoin defendants and their agents from retaliating against plaintiff for seeking redress. *Id*.

## II.
### LEGAL STANDARDS

### A. *Federal Rule of Civil Procedure 12(b)(6)*

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is appropriate when a defendant attacks the Complaint, because it fails to state a legally cognizable claim. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A plaintiff satisfies this standard when he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gulf Coast Hotel-Motel Ass'n v. Miss. Gulf Coast Golf Course Ass'n,* 658 F.3d 500, 504 (5th Cir. 2011), *quoting, Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Usually, in considering a motion to dismiss pursuant to Rule12(b)(6), a district court must limit itself to the face of the Complaint including attachments thereto. However, applicable jurisprudence establishes exceptions to this restriction wherein the Court may take judicial notice of documents or information which constitute matters of public record when considering a Rule 12(b)(6) motion to dismiss. *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994); *Haygood v. Begue*, 2014 WL1320152 at 1 (W.D. La. March 31, 2014).

### B. Federal Rule of Civil Procedure 12(b)(2)

"The due process clause of the Fourteenth Amendment, as interpreted by the Supreme Court, permits the exercise of personal jurisdiction over a nonresident defendant when (1) that defendant has established 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice.'" *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.,* 9 F.3d 415, 418 (5th Cir. 1993) (*quoting Int'l Shoe Co. v. Washington*, 66 S. Ct. 154, 158 (1945)). "Both prongs of the due process test must be met" to exercise personal jurisdiction over a defendant. *See id.*

A nonresident defendant's minimum contacts may either support an assertion of specific or general jurisdiction. *WNS Inc. v. Farrow*, 884 F.2d 200, 202 (5th Cir. 1989). A court may exercise specific jurisdiction when a cause of action arises out of a defendant's purposeful contacts with the forum. *Dalton v. R & W Marine, Inc.*, 897 F.2d 1359, 1361-62 (5th Cir. 1990). Alternatively, a court is said to have general jurisdiction when a defendant has engaged in continuous and systematic contacts with the forum. *Id*.

The party seeking to invoke federal jurisdiction bears the burden of establishing the requisite minimum contacts. *WNS*, 884 F.2d at 203. Further, "uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a prima facie case for personal jurisdiction exists." D.*J. Invs., Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 546 (5th Cir. 1985) (citations omitted).

### III.
#### ANALYSIS

### A. *Plaintiff's Claims for Injunctive Relief Should be Dismissed*

Plaintiff seeks the following injunctive relief against defendants:

1. Order Director Carvajal to allow plaintiff to be tested for antibodies to the COVID-19 virus;

2. Order Director Carvajal to waive Administrative Remedy requirements of all grievances during the COVID-19 pandemic; and

3. Enjoin defendants and their agents from retaliating against plaintiff for seeking redress.

Doc. 1, p. 4, ¶ V. However, the court agrees with the defendants' contention that plaintiff may not obtain injunctive relief against them in their individual capacities.

A *Bivens* lawsuit is an individual capacity lawsuit for damages, in which injunctive relief is not available. *See Solida v. McKelvey*, 820 F.3d 1090, 1094 (9th Cir. 2016)("By definition, *Bivens* suits are individual capacity suits and thus cannot enjoin official government action.*"); see also Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007)( "The only remedy available in a *Bivens* action is an award for monetary damages from defendants in their individual capacities."). Plaintiff's request for injunctive relief is improperly brought against defendant in his individual capacity and must be dismissed.

Furthermore, as defendant notes, plaintiff was transferred from FCIO to FCI Pollock, Louisiana in October 2020.  Doc. 4.  Accordingly, even if plaintiff had brought a proper action for injunctive relief, his transfer from FCIO to FCI Pollock renders such a claim moot, and for this reason his request for injunctive and declaratory relief must be dismissed.  A claim is moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *U.S. Parole Comm'n v. Geraghty*, 100 S.Ct. 1202, 1208 (1980)(internal quotation marks omitted). As applied in this case, an inmate's request for equitable relief from conditions at a prison becomes moot upon his transfer or release from that prison. *See, e.g., Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (holding that inmate's request for injunctive and declaratory relief became moot when inmate was transferred out of the complained-of prison facility). Indeed, "[a]ny

suggestion of relief based on the possibility of transfer back to the [facility] is too speculative to warrant relief." *Herman*, 238 F.3d at 665.

Accordingly, Plaintiff's request for injunctive relief should be dismissed.

### B. *Director Carvajal Should be Dismissed for Lack of Personal Jurisdiction*

Defendants' *Bivens* claims against Carvajal should be dismissed for lack of personal jurisdiction. Plaintiff, as "[t]he party seek[ing] to invoke the jurisdiction of the district court[,] bears the burden of establishing" the requisite minimum contacts. *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989) (citation omitted). Even taking the "uncontroverted allegations in [Rivers'] complaint . . . as true," Rivers has not established "a prima facie case for personal jurisdiction[.]" *See D.J. Invs. v. Metzeler Motorcycle Tire Agent Gregg,* 754 F.2d 542, 546 (1985) (citations omitted).

The defendants contend, and the Court agrees, that plaintiff fails to allege "minimum contacts" between Carvajal and the forum state—Louisiana. *See Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.,* 9 F.3d 415, 418 (5th Cir. 1993) (*quoting Int'l Shoe,* 326 U.S. at 316). First, plaintiff does not allege that Carvajal is a resident of Louisiana and does not otherwise allege that Carvajal has "engaged in continuous and systematic contacts with" Louisiana such that the Court has general jurisdiction over Carvajal. *See Dalton*, 897 F.2d at 1361-62.

Moreover, plaintiff does not adequately allege that his "cause of action arises out of [Carvajal's] purposeful contacts with" Louisiana. *See id*. The only apparent contacts between Carvajal and Louisiana relevant to this case include Carvajal's supervisory authority over FCIO—a prison in Louisiana. However, Carvajal "cannot be subject to personal jurisdiction in Louisiana simply because, in his capacity as BOP Director, he oversees federal prisons in the state." See *Smith v. Carvajal*, 558 F. Supp. 3d 340, 349 (N.D. Tex. 2021) (*citing Hill v. Pugh*, 75 F. App'x

715, 719 (10th Cir. 2003) ("It is not reasonable to suggest that federal prison officials may be hauled into court simply because they have regional and national supervisory responsibilities over facilities within a forum state."); *Nwanze v. Philip Morris, Inc.*, 100 F. Supp. 2d 215, 220 (S.D.N.Y. 2000) ("Mere supervision over the [BOP], the reach of which extends into every state, is insufficient to establish a basis for the exercise of personal jurisdiction.").

Moreover, the vast majority of the allegations in this suit are made against Warden Myers and/or subordinates who are employed at FCIO. The only allegation against Director Carvajal is that, following March 26, 2020, when the AG issued a memo directing BOP to use home confinement as a means of mitigating the spread of COVID-19, Director Carvajal "dragged his feet" in implementing this directive. However, this is not an allegation that Director Carvajal took any action within the state of Louisiana, and instead is an allegation based on the Director's supervisory responsibility nationwide. Plaintiff's allegation that Director Carvajal failed to take action in his nationwide supervisory capacity as the Director of the Bureau of Prisons is not sufficient to establish minimum contacts for a Louisiana court to exercise personal jurisdiction over Director Carvajal in his personal capacity. *See Smith, supra*. For this reason, claims against Director Carvajal should be dismissed.

### C. *Plaintiff's Complaint Fails to State a Claim Against Officer Welch*

Defendants next argue that, taking plaintiff's allegations against Officer Welch as true solely for the purposes of this motion, plaintiff has nonetheless failed to state a claim as to Officer Welch.

According to the Complaint, plaintiff claims to have contracted and/or exhibited symptoms of COVID between March 16, 2020, and March 22, 2020. Doc. 1, p. 14, ¶ 29. He further alleges that by March 23, 2020, "nearly half Vernon 1 unit [inmates were] already sick with the virus

and/or symptoms thereof (200 plus inmates in unit), including Plaintiff…." *Id*. at p. 8, ¶ 10.  On March 30, 2020, plaintiff alleges, Officer Welch "unreasonably exposed plaintiff to Covid-19… ordering Plaintiff to dispose defecated on materials of Covid positive inmate without N 95 mask or PPE…." *Id*. at p. 3, ¶ 4*; see also id*. at p. 9, ¶ 14. At this same time, plaintiff also alleges that Welch "allowed Crawford's 5th cellmate to elude being sent to quarantine, which unreasonably exposed Plaintiff… to continued circulation, contraction, and spreading of the virus due to eluding inmate's cellmate was, in fact, covid positive." *Id*. at ¶ 14.

Plaintiff allegedly contracted COVID-19 before the allegations against Officer Welch are even alleged to have taken place. Plaintiff's one and only allegation against Officer Welch does not come until March 30, 2020, a week after the date by which he insists he had contracted COVID. In other words, plaintiff does not allege that Officer Welch's actions actually caused the injury at issue. Even if these allegations are true, and assuming that Plaintiff was thereby exposed to COVID-19, he claims to have already been sick at this time from COVID-19. For these reasons, plaintiff does not plausibly state a claim against Officer Welch and plaintiff's claims against Officer Welch should be dismissed.

## IV.
### RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that the Unopposed Motion to Dismiss (doc. 32) filed by defendants Michael Carvajal and Tyler Welch be **GRANTED** and that plaintiff's claims against them be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 28th day of June, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE