UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **STERLING RENEVA RIVERS** | : | **DOCKET NO. 2:20-cv-1364 SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **MICHAEL CARVAJAL, ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Dismiss (doc. 33) filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure by defendant Rodney Myers. This motion comes in response to a *pro se* civil rights complaint filed by Sterling Reneva Rivers ("plaintiff"). The plaintiff did not file an opposition to the motion. The defendant's motion is now ripe for review. For the reasons below, we recommend that the Motion to Dismiss be **GRANTED**.

**I.**
**BACKGROUND**

Plaintiff sued Federal Defendant, Rodney Myers (hereinafter "Myers"), Former Warden at FCI-Oakdale (FCIO) in his individual capacity under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that defendant violated his Fifth[1] and Eighth Amendment rights. Doc. 1, p. 3, ¶ IV. Plaintiff alleges that he experienced "cruel and unusual punishment." *Id*. at p. 14, ¶ 30. Specifically, Plaintiff alleges that between March 16, 2020, and March 22, 2020, he "actually contracted the [COVID-19] virus and/or exhibited

---

[1] Although Plaintiff's complaint initially indicates that his Fifth and Eighth Amendment rights were violated, Plaintiff does not present any argument in support of a Fifth Amendment violation.

symptoms thereof." *Id*. ¶ 29. Further, Plaintiff alleges that he suffered "extreme mental anguish, emotional distress, and/or pain and suffering [.]" *Id*. at p. 3, ¶ IV . Plaintiff seeks $5,000,000 in compensatory damages and $1,000,000 in punitive damages against Myers. *Id*. at p. 4, ¶ V. Plaintiff also seeks to enjoin Defendants and their agents from retaliating against Plaintiff for seeking redress. *Id*.

## II.
### LEGAL STANDARDS

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is appropriate when a defendant attacks the Complaint, because it fails to state a legally cognizable claim. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A plaintiff satisfies this standard when he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gulf Coast Hotel-Motel Ass'n v. Miss. Gulf Coast Golf Course Ass'n,* 658 F.3d 500, 504 (5th Cir. 2011), *quoting, Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Usually, in considering a motion to dismiss pursuant to Rule12(b)(6), a district court must limit itself to the face of the Complaint including attachments thereto. However, applicable jurisprudence establishes exceptions to this restriction wherein the Court may take judicial notice of documents or information which constitute matters of public record when considering a Rule 12(b)(6) motion to dismiss. *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994); *Haygood v. Begue*, 2014 WL1320152 at 1 (W.D. La. March 31, 2014).

## III.
### ANALYSIS

### A. *Plaintiff's Claims for Injunctive Relief Should be Dismissed*

Plaintiff seeks to enjoin defendants and his agents from retaliating against plaintiff for seeking redress. However, the court agrees with the defendant's argument that plaintiff may not obtain injunctive relief against him in his individual capacity.

A *Bivens* lawsuit is an individual capacity lawsuit for damages, in which injunctive relief is not available. *See Solida v. McKelvey*, 820 F.3d 1090, 1094 (9th Cir. 2016)("By definition, *Bivens* suits are individual capacity suits and thus cannot enjoin official government action."); *see also Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007)( "The only remedy available in a *Bivens* action is an award for monetary damages from defendants in their individual capacities."). Plaintiff's request for injunctive relief is improperly brought against Defendant in his individual capacity and must be dismissed.

Furthermore, as defendant notes, Plaintiff was transferred from FCIO to FCI Pollock, Louisiana in October 2020. Doc. 4. Accordingly, even if plaintiff had brought a proper action for injunctive relief, his transfer from FCIO to FCI Pollock renders such a claim moot, and for this reason his request for injunctive and declaratory relief must be dismissed. A claim is moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *U.S. Parole Comm'n v. Geraghty*, 100 S.Ct. 1202, 1208 (1980)(internal quotation marks omitted). As applied in this case, an inmate's request for equitable relief from conditions at a prison becomes moot upon his transfer or release from that prison. *See, e.g., Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (holding that inmate's request for injunctive and declaratory relief became moot when inmate was transferred out of the complained-of prison facility). Indeed, "[a]ny

suggestion of relief based on the possibility of transfer back to the [facility] is too speculative to warrant relief." *Herman*, 238 F.3d at 665.

Accordingly, plaintiff's request for injunctive relief should be dismissed.

### B. A Bivens Remedy Should not be Inferred

Plaintiff also seeks monetary relief under *Bivens* based on alleged constitutional violations by defendant Myers. Given the context of this case, plaintiff's *Bivens* claim cannot succeed and should be dismissed.

In *Ziglar v. Abbasi*, the Supreme Court dramatically narrowed the circumstances in which a *Bivens* claim may be pursued. See *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017). The Court explained that it had recognized a *Bivens* remedy in only three cases: (1) *Bivens*, 403 U.S. at 389, itself, which involved a Fourth Amendment claim of excessive force pursuant to a warrantless search; (2) *Davis v. Passman*, 99 S.Ct. 2264 (1979), which allowed a Fifth Amendment equal protection claim against a Congressman for gender discrimination; and (3) *Carlson v. Green,* 100 S.Ct. 1468 (1980), which permitted an Eighth Amendment claim for failure of prison medical staff to provide adequate medical treatment. "These three cases – *Bivens, Davis, and Carlson* – represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *Abbasi*, 137 S. Ct. at 1855. "[E]xpanding the *Bivens* remedy" beyond these contexts "is now a disfavored judicial activity." *Abbasi*, 137 S. Ct. at 1857.

Because expansion of *Bivens* is "disfavored," courts must use "caution before extending Bivens remedies" beyond these three contexts. *Id*. A context is "new" - and therefore requires a special factors analysis – if it is "different in a meaningful way from previous *Bivens* cases decided by this Court." *Id*. at 1859. "[E]ven a modest extension is still an extension." *Id*. at 1864. And a

*Bivens* remedy in a new context "will not be available if there are special factors counselling hesitation in the absence of affirmative action by Congress." *Id*. at 1859.

The defendant argues in his motion that the context in which plaintiff asks this court to create a damages remedy is undoubtedly new, and bears no resemblance to the Fourth, Fifth and Eighth Amendment claims of *Bivens, Carlson, and Davis*. And while the Supreme Court discussed the standard for determining when the failure to protect an inmate's health or safety might violate the Eighth Amendment, *see Farmer v. Brennan*, 114 S.Ct. 1970 (1994), the Court did not hold that a *Bivens* remedy should exist for such a violation, as evidenced by the Court's omission of this case in its discussion in *Abbasi*. Accordingly, the defendant contends, and the court agrees, that this case presents a new context, and the inference of a *Bivens* remedy is disfavored.

Moreover, hesitation in inferring a *Bivens* remedy in this context is warranted for two reasons: (1) plaintiff has an adequate alternative remedy available through the administrative remedy and other processes and (2) separation of powers concerns counsel hesitation against extending a *Bivens* remedy. *See Abbasi*, 137 S. Ct. at 1860. Accordingly, plaintiff's *Bivens* claim against Myers cannot succeed and should be dismissed.

### IV.
#### RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that the Unopposed Motion to Dismiss (doc. 33) filed by Defendant Rodney Myers be **GRANTED,** and all claims against him be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 28th day of June, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE